

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00474-CR

Miranda **HERRERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR6337
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed: September 21, 2016

DISMISSED

Miranda Herrera and the State entered into a plea bargain under which Herrera pled guilty to murder. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Herrera timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

The court gave Herrera notice that this appeal would be dismissed unless an amended trial court certification showing she has the right to appeal were made part of the appellate record by August 30, 2016. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). No amended certification has been made part of the record. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).[1]

PER CURIAM

DO NOT PUBLISH

---

[1] The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also supports the trial court's certification that Herrera does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).